IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 1:05CR582 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY JOSIC, | ) | <u>GOVERNMENT'S TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Gregory

A. White, United States Attorney for the Northern District of Ohio, and James C.

Lynch, Assistant United States Attorney, and respectfully submits its trial brief as

follows:

- 2 -

## I. BACKGROUND

This case concerns the trial of the remaining defendant, Jeremy Josic,

charged in the Indictment with conspiracy to commit mail fraud, mail fraud,

conspiracy to commit money laundering, and  money laundering.  The Indictment

also charges a Forfeiture count.  This matter is now set to commence trial on

August 28, 2006.  The government estimates that it will take approximately 3 to 4

trial days to submit its case-in-chief.

It should be noted that defense counsel, on August 10, 2006,  has indicated

to the undersigned that the defendant has reportedly checked into a hospital but

counsel has no word yet as to the defendant's condition.

The Court's pre-trial Order set the dated for the filing of documents two

working days before the final pre-trial.   Those documents are to include this trial

memorandum, Jury Instructions, Stipulations, Voir Dire Questions, and estimated

trial time.  The final pre-trial was re-set for August 14, 2006, and, thus, the

government calculated that two working days before that date was the date of this

filing, that is,  August 10, 2006. [1]

---

On the afternoon of August 9, 2006, the court's judicial assistant left a
message with government counsel indicating that August 9, 2006, was considered
the required filing date by the court.   Unfortunately, the undersigned was not in
the office at that time, and it was the first indication that the August 10 deadline

- 3 -

On August 10, 2006, the government asked counsel to stipulate to the authenticity of bank records.   As of the time of this writing, defense counsel has indicated that he would request such stipulation from the defendant.

At trial, the government will be assisted at counsel table by Postal Inspector Steven Bolz.  We may also be assisted by a paralegal, Mrs. Wendy Wilt, in the electronic presentation of the government's exhibits during trial.

## II.   SUMMARY OF THE INDICTMENT

A.  Count 1 - Conspiracy Objects charged

Count 1 of the Indictment, in part, reads:

"9.   Beginning on or about March 1, 1999, and continuing through on or about June 30, 2003, the exact dates being unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants, DANIEL JOSIC, JEREMY JOSIC, and DONNA M. BOMBARD, did knowingly and willfully conspire together and with each other to commit an offense against the United States as follows:

Mail Fraud, in violation of Title 18, United States Code, Section 1341."

---

was not accurate.

- 4 -

| Elements of Conspiracy - 18 U.S.C. § 371 | |
|---|---|
| 1 | Two or more persons conspired, or agreed, to commit the crime alleged in the indictment; |
| 2 | The Defendant knowingly and voluntarily joined the conspiracy; and |
| 3 | A member of the conspiracy did one of the overt acts described in the indictment which occurred within the FIVE year statute of limitations for conspiracy for the purpose of advancing or helping the conspiracy. |

B.  Counts  2  - 13   Mail Fraud

Counts 2 through 13 charge a scheme to defraud in which the mails were used in a scheme which the defendant, "undertook a scheme to defraud various persons across the United States by falsely offering a work-at-home business involving stuffing and mailing envelopes, or stapling booklets, for the purported businesses which the defendants claimed would pay individuals money, in varying amounts between $5 and $10, for each envelope stuffed and mailed, or booklet stapled."

The elements of proof for a violation of the mail fraud statute are as follows:

- 5 -

| 18 U.S.C. § 1341: Mail Fraud | |
| --- | --- |
| **One**: | The Defendant knowingly devised, intended to devise, or knowingly participated in a scheme to defraud or knowingly devised or knowingly participated in a scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises; |
| **Two**: | The scheme to defraud or pretenses, representations, or promises included a material misrepresentation or concealment of a material fact; |
| **Three**: | The Defendant had the intent to defraud; and |
| **Four**: | In advancing, or furthering, or carrying out this scheme to defraud or scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the Defendant used the mails, that is, either the U.S. Postal Service or a private or commercial interstate carrier, or caused them to be used. |

C.   Count 14 Conspiracy to Commit Money Laundering and Counts 15 through 18, Money Laundering, Title 18 U.S.C. §1956(a)(1)(A)(I), transactions to "promote" the scheme.

The elements for Money Laundering "Promoting" transactions, are as follows:

**FIRST**, the defendants must knowingly conduct or attempt to conduct a financial transaction;

**SECOND**, the defendants must know that the property involved in the financial transaction represents the proceeds of some form of unlawful activity;

- 6 -

**THIRD**, the property involved in the financial transaction must, in fact, involve the proceeds of specified unlawful activity; and

**FOURTH**, the defendant must have engaged in the financial transaction with the intent to promote the carrying on of some specified unlawful activity. *United States v. Davis*, 74 F.3d 1241 (6th Cir. 1996)(*Unpublished*).

The government anticipates that the evidence will show various checks were used to pay for expenditures of monies for printing and mailing "starter kits" to various victims of the scheme.   These checks will constitute the "financial transactions" subject of the money laundering charges.

## III.  VARIOUS ANTICIPATED EVIDENTIARY ISSUES

A**.**    *Use of Video Displayed Exhibits*

With the Court's permission, the government intends to make the use of the courtroom video equipment to produce copies of the documents admitted into evidence during the course of testimony of the witness to enable the jury to follow the testimony of the witness.  With the court's permission, the government intends to follow the following procedure used in the past:  With the identification of an exhibit, unless there is an objection made, at that point, it will be assumed that there  will be no objection to admissibility, and the document will, at that point, be

- 7 -

published with admission understood to follow.

      B.     *Use of Summaries*: *Federal Rules of Evidence, Rule 1006*

      The government expects to introduce evidence of banking transactions through the use of some samples, but largely from summaries produced which reflect the voluminous transactions in various bank accounts.   The bank records all have been certified in accordance with FRE 902(11), have been made available to the defense, and will be available in the courtroom during trial.

      Because the summaries themselves will be the evidence in this case, no jury instruction should be given limiting the summaries as evidence.  *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).

              Respectfully submitted,

              GREGORY A. WHITE
              United States Attorney

        By:   s/James C. Lynch
              James C. Lynch (#0033787)
              Assistant U.S. Attorney
              400 United States Courthouse
              801 West Superior Avenue
              Cleveland, Ohio  44113
              Phone: (216) 622-3846
              Fax: (216) 522-8354
              James.C.Lynch@usdoj.gov

- 8 -

## CERTIFICATE OF SERVICE

I certify that on August 10, 2006, a copy of the foregoing Government's Trial Brief was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

 s/James C. Lynch
James C. Lynch (#0033787)
Assistant U.S. Attorney